UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEPHEN MATCH,

    Plaintiff,                                                         Case No. 3:19-cv-279

vs.

INTERSTATE GAS SUPPLY, INC.,           District Judge Thomas M. Rose
                                                                      Magistrate Judge Michael J. Newman

    Defendant.
_____

**ORDER DENYING WITHOUT PREJUDICE THE PARTIES' JOINT MOTION FOR
ENTRY OF AN AGREED PROTECTIVE ORDER (DOC. 12)**
_____

       This civil case is before the Court on the parties' joint motion requesting the entry of a protective order agreed to by the parties.  Doc. 12.  The undersigned concludes that the terms of the parties' proposed protective order (*see* doc. 12-1) may go beyond the mere protection of purportedly confidential information in the discovery process and contains language -- particularly in paragraphs six (6) and fifteen (15) -- that would improperly permit the sealing of information on the Court's docket without requiring that the parties first meet the heavy burden required to permit such sealing.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016).

       There is a "'stark difference' between court [protective] orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]"  *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016).  While "[s]ecrecy is acceptable at the discovery stage[,]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016), "very different considerations apply" when parties seek to file "material in the court record."  *Rudd*

*Equip.*, 834 F.3d at 593 (citing *Shane Grp.*, 825 F.3d at 305).  When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'"  *Id*.  As a result, "the public is entitled to assess for itself the merits of judicial decisions."  *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary."  *Shane Grp.*, 825 F.3d at 306; *Rudd Equip*, 834 F.3d at 593-94.  In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  *Shane Grp.*, 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  Such burden applies even where a protective order has been entered by the court and where no "party objects to the motion to seal."  *See id*. (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

Because the terms of the parties' proposed protective order would violate Sixth Circuit precedent, their joint motion (doc. 12) is **DENIED WITHOUT PREJUDICE** to refiling with different proposed terms.

**IT IS SO ORDERED.**

Date:  April 14, 2020                                          s/ Michael J. Newman
                                                                                Michael J. Newman
                                                                                United States Magistrate Judge